### FREELAND v. BACON et al.

(*City Court of New York, General Term.* December 2, 1889.)

CONTRACT—SUPPLEMENTARY AGREEMENT—CONSIDERATION.

Where plaintiff was employed by defendants, at a salary of $1,200 a year, to teach a class of a certain number of students, and defendants afterwards increased the size of the class, agreeing to give plaintiff additional pay, plaintiff is entitled to recover such additional pay, the extra work being sufficient consideration for the agreement to pay it.

Appeal from trial term.

Action by William Freeland against Richard S. Bacon and others. Judgment was entered on a verdict for plaintiff. Defendants appeal.

Argued before McADAM, C. J., and NEHRBAS and HOLME, JJ.

*William H. Gibson* and *J. O. Clark*, for appellants. *T. D. Kenneson*, for respondent.

PER CURIAM. It is no doubt the rule that all services rendered under a contract are deemed to have been included in it. The question is how far the rule can be applied to this case. The plaintiff claims that he was employed to teach a class of 30 boys at $1,200 per year; that the defendant, against the plaintiff's objection, added 12 boys to the class, thereby increasing his labor. This circumstance, standing alone, would not raise an implication that the defendants were to pay the plaintiff anything above the contract price for his services; but the plaintiff went further, and testified that after he objected to the extra labor the defendants agreed to add $200 to his year's salary for the additional services required, the additional compensation to commence with the first month of that year's term of service. This contract for extra pay was founded on a sufficient consideration, and is binding on the defendants. True, the defendants denied that they made any such contract, but the jury found that they did; and their finding on this subject is sufficiently sustained by the evidence. The parties agreed that, if the plaintiff was entitled to recover anything, the amount found by the verdict was not excessive; so that the question of excessive damages need not be considered. We find no error, and the judgment must be affirmed, with costs. All concur.